UNITED STATES of AMERICA
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

KEISHA TAYLOR,

    Plaintiff,                                 DEMAND FOR JURY TRIAL

-vs-                                         Case No.
                                               Hon.

CARNOVA 2 LLC,
VROOM, INC., and
ENDURANCE DEALER SERVICES, LLC,

    Defendants.

## COMPLAINT AND JURY DEMAND

## JURISDICTION

1. This court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337.

2. As to any supplemental claims set forth herein, there are no exceptional circumstances or other compelling reasons for this Court to decline jurisdiction and the interests of justice would best be served if this Court heard these claims along with the federal claims.

## PARTIES

3. The Plaintiff to this lawsuit is Keisha Taylor who resides in Southfield, Michigan in Oakland County.

4. The Defendants to this lawsuit are as follows:

    a. Carnova 2 LLC ("C2LLC") which is a corporation doing business in Michigan and which by statute and condition of licensing, may be served through its irrevocable resident agent, the Bureau of Regulatory Services, Business Licensing and Regulation Division, Richard H. Austin Building – 3rd Floor, 430 W. Allegan Street, Lansing, MI 48918.

    b. Vroom, Inc. ("Vroom") which is a corporation doing business in Michigan and which may be served at its resident agent The Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

    c. Endurance Dealer Services, LLC ("EDSLLC") which is a corporation doing business at 400 Skokie Blvd, Ste 105, Northbrook, IL 60062, and whose resident agent COGENCY GLOBAL INC. maintains its office at 600 SOUTH SECOND ST, SUITE 404, SPRINGFIELD, IL 62704.

5. At all times relevant, C2LLC is EDSLLC's agent for the sale of its service contracts.

## VENUE

6. The transactions and occurrences which give rise to this action occurred in Macomb County.

7. Venue is proper in the United States District Court for the Eastern District of Michigan.

## GENERAL ALLEGATIONS

8. Prior to June 26, 2021, upon information and belief, Vroom took incomplete title to a certain 2013 Infiniti JX35, VIN 5N1AL0MM9DC310818 ("the vehicle") with no mileage certification and did so with the intent to defraud subsequent purchasers.

9. On or about June 26, 2021, the State of Texas issued title to Defendant Vroom.

10. At some point after June 26, 2021, Vroom made a false statement on the transfer of title for the vehicle, with the intent to defraud subsequent purchasers, stating that the vehicle's odometer read 85,608.

11. At some point after June 26, 2021, C2LLC falsely certified Vroom's false statement on the transfer of title, with the intent to defraud subsequent purchasers, stating that the vehicle's odometer read 85,608.

12. On or about February 23, 2022, Plaintiff purchased the vehicle from C2LLC.

13. C2LLC forged the Plaintiff's signature on the second transfer of title.

14. C2LLC provided a warranty which has failed of its essential purpose.

15. Plaintiff also purchased an extended service contract which C2LLC represented was included in the purchase price of the vehicle.

16. EDSLLC administers that extended service contract.

17. C2LLC did not pay EDSLLC for the service contract and thereby rendered all of the defects which occurred in the vehicle exempt as pre-existing conditions.

18. Before consummating the purchase of the vehicle, C2LLC made the following material representations ("material representations") which also constituted express warranties, were false, and related to the vehicle:

    a. The purchase price included an EDSLLC service contract.

    b. The vehicle came with a 6 month, 6,000 mile warranty

19. C2LLC made the following representations by operation of law as a result of the sale of a written warranty or extended service contract within 90 days of the sale of the vehicle:

    a. The vehicle was merchantable.

    b. the vehicle was fit for its intended purpose.

20. Before executing the purchase agreement, C2LLC made the following specific representations which constituted express warranties:

    a. The purchase price included an EDSLLC service contract.

    b.    The vehicle came with a 6 month, 6,000 mile warranty

21. The vehicle did not meet C2LLC's specific representations which constituted express warranties.

22. The vehicle constitutes a "good" under article 2 of the UCC, M.C.L. § 440.2101 *et seq*.

23. Since the date of purchase the vehicle has suffered from the following mechanical defects:

    a.    defective transmission

    b.    brakes

    c.    a defective suspension

    d.    defective oil pan

24. Each time Plaintiff learned of a mechanical defect, Plaintiff promptly notified C2LLC of that defect.

25. Based on the frequency of breakdown, the vehicle's time out of service, the severity of the mechanical failures, the cost of warranty coverage, and amount of other expenses incurred during the limited time of ownership of the vehicle, the vehicle has been rendered unmerchantable, unfit, and of diminished value to Plaintiff.

26. EDSLLC has failed or refused to properly repair the vehicle.

27. Plaintiff properly rescinded, canceled, or otherwise terminated the contract of sale, thereby requiring C2LLC to return of all payments for the vehicle and provide a full refund.

28. C2LLC failed to respond in writing to Plaintiff's written revocation of acceptance letter.

29. Plaintiff suffered damages as a result of the acts and omissions set forth herein.

## COUNT I -- Federal Odometer Act

### (C2LLC)

30. Plaintiff incorporates the preceding allegations by reference.

31. By failing to provide Plaintiff with a legal and conforming odometer disclosure at the time of sale, C2LLC has, with intent to defraud, violated the Federal Odometer Act, 49 U.S.C. § 32701-32711.

32. Instead of providing the required disclosures, C2LLC forged the signature of Plaintiff on the odometer disclosure with the intent to defraud and in violation of 49 U.S.C. §§32701-32711.

33. C2LLC failed to provide the required disclosure of mileage on the reassignment of title as required by 49 U.S.C. §§32701-32711 *et seq*.

34. Plaintiff suffered damages as a result of the violations set forth herein.

## COUNT II -- Federal Odometer Act

### (Vroom)

35. Plaintiff incorporates the preceding allegations by reference.

36. By taking incomplete title with intent to defraud, violated the Federal Odometer Act, 49 U.S.C. § 32701-32711.

37. Plaintiff suffered damages as a result of the violations set forth herein.

## COUNT III -- Magnuson-Moss Warranty Act

### (C2LLC)

38. Plaintiff incorporates the preceding allegations by reference.

39. Plaintiff is a consumer as defined in 15 U.S.C. §2301(3).

40. Under 15 U.S.C. §2301(a)(1), C2LLC, must remedy any defect, malfunction or nonconformance of the subject vehicle as a warrantor of the vehicle.

41. C2LLC has violated 15 U.S.C. §2304(d) by failing to provide the required remedy for the failure to honor a written warranty.

42. Plaintiff suffered and continued to suffer damages as a result of these breaches of warranty and failure to provide a remedy under 15 U.S.C. § 2304(d).

## COUNT IV -- Michigan Odometer Act

### (C2LLC)

43. Plaintiff incorporates the preceding allegations by reference.

44. C2LLC forged the signature of Plaintiff on the odometer disclosure in violation of M.C.L. §257.233a.

45. C2LLC failed to provide the required disclosure of mileage on the reassignment of title as required by M.C.L. §257.233a.

### COUNT V -- Violation of Michigan Consumer Protection Act (C2LLC)

46. Plaintiff incorporates the preceding allegations by reference.

47. C2LLC is engaged in trade or commerce as that terms is defined in M.C.L. § 445.902.

48. C2LLC has engaged in one or more of deceptive or unfair practices prohibited by the Michigan Consumer Protection Act, M.C.L.§ 445.903, including but not limited to the following:

   a. Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

   b. Using deceptive representations or deceptive designations of geographic origin in connection with goods or services.

   c. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have.

    d.    Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

    e.    Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions.

    f.    Representing that a part, replacement, or repair service is needed when it is not.

    g.    Representing to a party to whom goods or services are supplied that the goods or services are being supplied in response to a request made by or on behalf of the party, when they are not.

    h.    Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction..

    i.    Disclaiming or limiting the implied warranty of merchantability and fitness for use, unless a disclaimer is clearly and conspicuously disclosed.

    j.    Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

k. Entering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it.

l. Failing, in a consumer transaction that is rescinded, canceled, or otherwise terminated in accordance with the terms of an agreement, advertisement, representation, or provision of law, to promptly restore to the person or persons entitled to it a deposit, down payment, or other payment, or in the case of property traded in but not available, the greater of the agreed value or the fair market value of the property, or to cancel within a specified time or an otherwise reasonable time an acquired security interest.

m. Taking or arranging for the consumer to sign an acknowledgment, certificate, or other writing affirming acceptance, delivery, compliance with a requirement of law, or other performance, if the merchant knows or has reason to know that the statement is not true.

n. Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

o.  Charging the consumer a price that is grossly in excess of the price at which similar property or services are sold.

p.  Causing coercion and duress as the result of the time and nature of a sales presentation.

q.  Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

49. Plaintiff suffered damages as a result of these violations of the Michigan Consumer Protection Act.

## **COUNT VI -- Misrepresentation**

## **(C2LLC)**

50. Plaintiff incorporates the preceding allegations by reference.

51. The material representations were intended to induce the reliance of Plaintiff.

52. The material representations did induce the reasonable reliance of Plaintiff.

53. C2LLC made the material representations with actual knowledge of their falsity.

54. C2LLC made the material representations with reckless disregard to their truth or falsity.

55. C2LLC made the material representations even though it should have known that they were false.

56. These actions constitute a misrepresentation upon Plaintiff.

57. Plaintiff suffered damages as a result of this misrepresentation.

## COUNT VII -- Breach of Contract

### (C2LLC)

58. Plaintiff incorporates the preceding allegations by reference.

59. C2LLC's tender of the performance did not conform as a result of the vehicle's mechanical defects, lack of merchantability, and lack of fitness for intended purpose which existed at the time of delivery.

60. The failure of C2LLC to deliver conforming goods, title, and follow up services at the contract price constitutes a material breach of contract.

61. Plaintiff suffered damages as a result of this breach of contract.

## COUNT VIII -- Breach of Contract

### (EDSLLC)

62. Plaintiff incorporates the preceding allegations by reference.

63. EDSLLC's failure or refusal to properly repair the vehicle constitutes a breach of contract.

64. Plaintiff suffered damages as a result of this breach of contract.

## COUNT IX -- Breach of Warranties

## (C2LLC)

65. Plaintiff incorporates the preceding allegations by reference.

66. C2LLC has breached its warranty of merchantability.

67. C2LLC has breached its warranty of fitness for intended purpose.

68. Plaintiff suffered damages as a result of these breaches of warranty.

## COUNT X -- UCC Revocation Of Acceptance

## (C2LLC)

69. Plaintiff incorporates the preceding allegations by reference.

70. The nonconformity of the vehicle could not have been reasonably discovered by Plaintiff at the time C2LLC tendered delivery.

71. Plaintiff would not have accepted the vehicle had Taylor known that the vehicle was nonconforming.

72. C2LLC has not made its tender of delivery conforming.

73. Plaintiff sent notice of revocation within a commercially reasonable time.

74. Plaintiff suffered damages as a result of this failure to provide a conforming tender or return of purchase price after revocation of acceptance.

## COUNT XI — Motor Vehicle Code Violations

## (C2LLC)

75. Plaintiff incorporates the preceding allegations by reference.

76. C2LLC failed to apply for title within 15 days of delivering the vehicle in violation of MCL § 257.235.

77. C2LLC forged the Plaintiff's signature on the transfer of title.

78. C2LLC's failure to effectively transfer title constituted a violation of M.C.L. §257.235.

79. Plaintiff may void the contract of sale as a result C2LLC's violation of the Motor Vehicle Code.

## JURY DEMAND

80. Plaintiff requests a jury trial in this case.

## REQUEST FOR RELIEF

Plaintiff requests that this Honorable Court assume jurisdiction over this case and including all supplemental claims, award actual damages, treble damages, statutory and punitive damages, costs, and attorney fees.

        Respectfully Submitted,

        ADAM G. TAUB & ASSOCIATES
        CONSUMER LAW GROUP, PLC

By:   /s/ Adam G. Taub
        Adam G. Taub (P48703)
        Attorney for Keisha Taylor
        17200 West 10 Mile Rd. Suite 200
        Southfield, MI 48075
        Phone: (248) 746-3790
        Email: adamgtaub@clgplc.net

Dated: July 1, 2022